*E-FILED: April 19, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEMMA HWANG,<br><br>        Plaintiff,<br>  v.<br><br>WH SHIPPING LLC; WOLFHOUND SERVICES CORP.; NAMAHAGI VENTURES LLC; RICHARD J. COLOSIMO; MICHAEL A. PRINCI,<br><br>        Defendants. | No. C10-02382 HRL<br><br>**ORDER DIRECTING RICHARD J. COLOSIMO TO APPEAR AND SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SANCTIONED** |

Plaintiff Gemma Hwang alleges that she was fraudulently induced into loaning $5 million to defendants, who then reportedly misused or misappropriated the funds and failed to repay the loan. Hwang filed this action in state court. Defendants removed the matter here, asserting diversity jurisdiction. The notice of removal was filed by defendant Richard Colosimo, who advised that he is an attorney licensed to practice in several states, including California. (Dkt. No. 1 at 2). Throughout these proceedings, Colosimo has represented himself, as well as defendants WH Shipping, LLC, Wolfhound Services Corp., Namagahi Ventures LLC, and Michael A. Princi.[1]

All parties consented to proceed before a magistrate judge for all purposes, including trial. And, on August 31, 2010, the court issued a scheduling order setting a January 7, 2011

---

[1] This court was told that the only other defendant, Gulf Holdings Group, was never served, and that defendant has since been dismissed. (Dkt. No. 33).

fact discovery cutoff; a January 28, 2011 expert disclosure deadline; a February 18, 2011 rebuttal expert disclosure deadline; a March 18, 2011 expert discovery cutoff; a May 3, 2011 deadline for hearing dispositive motions; a June 21, 2011 final pretrial conference; and a June 27, 2011 start of bench trial. (Dkt. No. 21). Additionally, the parties were referred to court-sponsored mediation, with the mediation to be completed by November 28, 2010. (Dkt. No. 20).

The parties subsequently filed a joint request to extend the deadline for mediation. That request was granted, but no other deadlines were altered. (Docket No. 27). The parties eventually participated in a mediation, which was unsuccessful. After that, there was no activity on the docket, and all court-ordered deadlines passed.

Then, on June 15, 2011 (just under a week before the final pretrial conference), the parties filed a joint stipulation requesting that the court re-set all case deadlines, including discovery cutoff dates, dispositive motion deadlines, and the dates for the final pretrial conference and trial. This request, which was filed only after the deadlines set in the court's Standing Order re Pretrial Preparation had passed, did not sufficiently explain why the parties were seeking such relief at that late date.

Because the parties evidently were unprepared to proceed, this court had little choice but to vacate the previously set final pretrial conference and trial. Nevertheless, the parties were ordered to appear in person on June 21, 2011 (the date originally set for the final pretrial conference) to (1) discuss the case status and the parties' request to re-set all deadlines and (2) show cause why they should not be sanctioned for the apparent failure to comply with this court's orders. (Dkt. No. 31).

The parties appeared as directed, but they did not manage to persuade that the August 31, 2010 scheduling order provided insufficient time to complete discovery and other pretrial activities. Nor did the parties satisfactorily explain why they were unable to comply with the court-ordered deadlines. Following the conference, the court issued an order sanctioning lead counsel for each side in the amount of $500.00 payable forthwith to the Clerk of the Court.

1 (Dkt. 33). The docket reflects that plaintiff's counsel paid the sanction (Dkt. No. 34). There is
2 no indication that Colosimo has done so.

3      In that same order, the court re-set the final pretrial conference to January 17, 2012 and
4 re-set the bench trial to begin on January 23, 2012, but denied the parties' request to re-open or
5 re-set other deadlines. (Dkt. No. 33). The parties were expressly admonished to comply with
6 the court's Standing Order re Pretrial Preparation with respect to the timing and content of the
7 required Joint Pretrial Statement and other pretrial submissions. (Id.).

8      On December 21, 2011, plaintiff filed a pretrial statement, indicating that defendants did
9 not respond to plaintiff's efforts to prepare a Joint Pretrial Statement required by the court's
10 Standing Order re Pretrial Preparation. (Dkt. No. 36). Indeed, defendants failed to make any
11 pretrial filings at all. And, on January 4, 2012, plaintiff filed a notice indicating that defendant
12 WH Shipping had filed for Chapter 7 bankruptcy on December 30, 2011. Although the instant
13 action automatically was stayed as to WH Shipping, the parties presented nothing to this court
14 indicating that the stay applied to the other defendants.

15      Defendants also failed to appear at the January 17, 2012 final pretrial conference and did
16 not offer any explanation for their absence. Once again, because the parties were unprepared to
17 proceed, the court was obliged to re-set the final pretrial conference and trial dates. The final
18 pretrial conference was re-set for April 10, 2012. The court also vacated the bench trial set to
19 begin on January 23, 2012 and stated that the trial would be re-set at the April 10, 2012
20 conference. The parties were again expressly admonished to comply with the undersigned's
21 Standing Order re Pretrial Preparation with respect to the timing and content of the required
22 Joint Pretrial Statement and other pretrial submissions. (Dkt. No. 39).

23      Pursuant to the court's Standing Order re Pretrial Preparation, certain pretrial papers
24 (including, among other things, a Joint Pretrial Statement) were required to be filed by March
25 27, 2012, and certain other papers were required to be filed no later than April 3, 2012. The
26 court appreciates that defendants' response to plaintiff's motion in limine was belatedly filed

27
28

3

because plaintiff's motion was, itself, filed nearly one week late.[2] Nevertheless, defendants' pretrial conference statement, trial brief, and proposed findings of fact and conclusions of law were filed well over a week late and only days before the pretrial conference. Moreover, defendants' belated filings failed to include all information required by the court's standing order.

Defendants failed to appear at the April 10, 2012 pretrial conference. Although they requested leave to appear by phone, this court notes that the request was made at the very last minute, little more than 24 hours prior to the conference—a conference that had been set nearly three months in advance. That request was denied. Defendants sent another attorney to appear at the conference in their stead. That attorney—who has had no prior involvement in this action and who disclaimed any knowledge about these proceedings—stated that he was appearing as a "last minute favor." With no offense intended as to that attorney, this court notes that his presence at the conference did nothing to aid the proceedings. Largely due to defendants' absence, the April 10 conference ended up being an interim proceeding only. And, the court has now—for the third time, and nearly one year after this case originally was set for trial—continued the final pretrial conference.

That brings the court to one final concern. The court is informed that Colosimo's California law license was suspended as of July 1, 2011 for failure to pay the State Bar's membership fees. In view of the fact that he evidently has not been eligible to practice here for the better part of the past year, Colosimo must explain why he continues to do so. See Civ. L.R. 11-8 ("A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to avail themselves of such membership privileges, shall be subject to sanctions or other punishment, including a finding of contempt.").

Accordingly, Richard J. Colosimo shall appear before this court in person on **May 15, 2012, 10:00 a.m.** in Courtroom 2, 5th Floor of the San Jose courthouse and show cause why the

---

[2] Defendants did not file any motions in limine. Accordingly, the court will not consider any such motions from defendants.

4

court should not impose sanctions (including monetary sanctions, or possibly, the striking of defendants' pleadings and entry of their default) for the failure to comply with this court's orders and for continuing to act as defense counsel in this matter on a suspended license.[3] Colosimo shall file a written response to this order no later than **May 8, 2012**.

SO ORDERED.

Dated: April 19, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] As discussed at the April 10, 2012 conference, plaintiff will not be required to appear for the show cause hearing.

5

1  5:10-cv-02382-HRL Notice has been electronically mailed to:

2  Eugene Steven Alkana    eugenealkana@mindspring.com

3  Richard J Colosimo    rick@asdworld.com

4  Richard James Colosimo    rick@asdworld.com